## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40699

United States Court of Appeals
Fifth Circuit

**FILED**
August 27, 2019

Lyle W. Cayce
Clerk

JAVIER FLORES,

> Plaintiff - Appellant

v.

MIKE POMPEO, SECRETARY, U.S. DEPARTMENT OF STATE; UNITED STATES OF AMERICA,

> Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas

Before JOLLY, HO, and ENGELHARDT, Circuit Judges.

JAMES C. HO, Circuit Judge:

Javier Flores claims he is a United States citizen based on his birth in the United States.  When Flores attempted to renew his United States passport, however, his application was denied.  So he filed suit in the Southern District of Texas seeking a declaration of citizenship under 8 U.S.C. § 1503(a).  The district court dismissed his suit for lack of jurisdiction, based on insufficient evidence that Flores actually resides in Texas.  The district court also rejected his claim for injunctive relief under the Administrative Procedure Act on the ground that § 1503(a) provides an adequate remedy.  We affirm.

No. 18-40699

I.

Javier Flores has a birth certificate indicating that he was born in McAllen, Texas, in October 1962. But his parents also registered his birth in Mexico, so that, according to Flores, he could attend school there.[1]

In 2015, Flores sought to renew his U.S. passport, but the State Department denied his application and revoked his existing passport. Flores filed suit in the Southern District of Texas, asserting claims under 8 U.S.C. § 1503(a) and the APA, 5 U.S.C. § 706, and seeking a judicial declaration of his United States citizenship. *See Flores v. United States*, No. 7:16-cv-00488 (S.D. Tex. Aug. 13, 2016).

The question of where Flores was residing quickly overshadowed the litigation. This question is of primary importance because § 1503(a) requires actions to "be filed in the district court of the United States for the district in which such person resides or claims a residence, and jurisdiction over such officials in such cases is conferred upon those courts." Following limited jurisdictional discovery, Flores voluntarily dismissed that suit.

Later that year, Flores re-filed in the Southern District of Texas, claiming that he "has his residence within the jurisdiction of [the] Court." The government moved to dismiss for lack of jurisdiction, improper venue, and failure to state a claim. *See* FED. R. CIV. P. 12(b)(1), (3), (6). It argued that the district court lacked jurisdiction over Flores's § 1503(a) claim because he resided in Kansas, not Texas. And it argued that the court lacked jurisdiction over Flores's APA claim because § 1503(a) provided an adequate alternative avenue of relief.

---

[1] Judge Hinojosa observed during the district court proceedings in Flores's first suit that it is a common practice among parents of children born in the United States near the Mexican border to file both an American and a Mexican birth certificate, to enable the child to go to school in Mexico, while maintaining the child's U.S. citizenship.

No. 18-40699

The parties submitted evidence attempting to establish the district in which Flores resided.  The defendants showed that, in August 2015, Flores had changed his address from Texas to Kansas, when he began employment at a university in Emporia.  In July 2016, he and his wife purchased a home in Emporia, which they still own.  And online university records showed that Flores was scheduled to teach classes on-campus in Emporia in the spring and fall of 2018.

Flores did not deny this evidence.  Instead, he asserted that he leased apartments and was physically present in Texas from May 2017 to December 23, 2017, during which time he filed this lawsuit.  He attempted to establish his presence in Texas by submitting lease documents for the Texas apartments and credit card statements showing purchases in Texas during that time period.

The district court granted the defendants' motion and dismissed Flores's complaint without prejudice.  The court found that Flores had not met his burden of proving residency in the Southern District of Texas for purposes of § 1503(a).  The court also denied jurisdiction over Flores's APA claim because § 1503(a) provided Flores an adequate alternative remedy.

## II.

We review a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) de novo.  *See Musselwhite v. State Bar of Tex.*, 32 F.3d 942, 945 (5th Cir. 1994).

"In considering a challenge to subject matter jurisdiction, the district court is 'free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.'"  *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (quoting *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004)).  A district court may dispose of a motion to dismiss for lack of subject matter jurisdiction based "on (1) the complaint alone;

3

No. 18-40699

(2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Robinson v. TCI/US W. Commc'ns Inc.*, 117 F.3d 900, 904 (5th Cir. 1997).

We are deferential to the district court's jurisdictional findings of fact, which we review for clear error. *Id.* "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

### III.

The district court did not commit clear error in concluding that it lacked subject matter jurisdiction in this case.[2]

There was certainly some evidence supporting Flores's argument that he resided in Texas—he rented apartments in McAllen and Edinburg, and his credit card statements showed consistent activity in those cities over the seven-month period. But there was also substantial evidence that he resided in Kansas—Flores admitted he owned a home there with his wife and Emporia was his only place of employment.

---

[2] The parties disagree over whether the residence requirement in § 1503(a) is a jurisdictional or venue provision. We conclude it is jurisdictional. A limitation or condition on the scope of a statute is jurisdictional if Congress "clearly states" that it is jurisdictional. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515–16 (2006). To discern whether a statutory condition is jurisdictional, courts "look[] to the condition's text, context, and relevant historical treatment." *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393–95 (1982)). Congress clearly stated that § 1503(a)'s residence requirement is jurisdictional by appending the clause "jurisdiction over such officials in such cases is conferred upon those courts."

No. 18-40699

In light of the deficient record developed by Flores, and our deferential standard of review, we cannot conclude that the district court committed clear error in denying jurisdiction over Flores's § 1503(a) claim.[3]

## IV.

Nor do we have jurisdiction over Flores's APA claim.

Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. But the APA also limits the type of agency actions that are reviewable. Only "[a]gency action made reviewable by statute and final agency action for which there is *no other adequate remedy in a court* are subject to judicial review." 5 U.S.C. § 704 (emphasis added).

In *Hinojosa v. Horn*, 896 F.3d 305 (5th Cir. 2018), we held that § 1503(b)–(c) offers an adequate alternative remedy to the APA for individuals who are outside the United States and challenge the revocation of their passport and denial of their application for a new one. *Id.* at 312–14. In the course of examining the procedural process afforded under § 1503(b)–(c), *Hinojosa* observed that § 1503(a) provides a direct path to judicial review for individuals within the United States, like Flores. *Id.* at 311 ("When the individuals are already within the United States, judicial review is immediately available.").

---

[3] We reject Flores's argument that the district court abused its discretion by not ordering an evidentiary hearing or jurisdictional discovery. Flores had a full opportunity to be heard. The district court did not decide the motion sua sponte. Flores was able to brief his argument in support of jurisdiction; he submitted evidence which the district court considered; and he had ample time to request a hearing if he so desired. It was therefore within the district court's discretion to decide the defendants' Rule 12(b)(1) motion on the evidence and papers submitted by the parties. *See Williamson v. Tucker*, 645 F.2d 404, 414 (5th Cir. 1981).

No. 18-40699

We conclude that § 1503(a) is an adequate alternative remedy for Flores's injury, and that the district court was therefore correct that it lacked jurisdiction over his claim under the APA.

\* \* \*

For the foregoing reasons, we affirm. But in doing so, we make two final observations.

First, the district court dismissed his suit without prejudice. If Flores genuinely believes he should be allowed to file this suit in Texas, he is welcome to re-file. By doing so, he will have the opportunity to do what he should have done earlier—submit an affidavit to the court briefly chronicling the facts of his life (most notably, his actual whereabouts) during all relevant time periods—rather than limit himself to credit card charges and apartment leases and leave the rest to the court's imagination. And if he does so, the government will have the opportunity to rebut those facts if it so wishes.

Second, in affirming the district court's dismissal without prejudice, we of course express no opinion on the issues of statutory interpretation potentially presented by this case—in particular, whether § 1503(a) recognizes only one residence where a plaintiff may file suit, or whether multiple residences (and therefore multiple jurisdictions) might very well qualify.

An action for a declaration of citizenship must be "filed in the district court of the United States for the district in which such person resides or claims a residence." 8 U.S.C. § 1503(a). "Residence" is defined for purposes of § 1503(a) as a person's "place of general abode," which is further defined as the person's "principal, actual dwelling place in fact, without regard to intent." 8 U.S.C. § 1101(a)(33).

Satisfying the jurisdictional requirements of § 1503(a) is straightforward enough when the person seeking relief maintains only one residence at all times. But what if a person maintains two residences? The government

6

contends that § 1503(a) must be read to recognize only one residence. After all, the government claims, § 1503(a) uses the definite article "*the*" before "district court," suggesting that there can be only one "district court." We are not so sure. After all, just read the rest of the sentence: Section 1503(a) refers to "the district court . . . for the district in which such person resides *or* claims a residence." (Emphasis added). We think the text could at least as plausibly be read to permit multiple residences, as reflected by the use of the term "or."

There is also the question of the meaning of the word "resides." The term "residence" is expressly defined by statute as the "*principal*, actual dwelling place in fact"—suggesting that a temporary residence would not qualify as a "residence." 8 U.S.C. § 1101(a)(33) (emphasis added). And the government assumes that "resides" must be construed coextensively with the express definition of "residence." But that too requires further analysis. *Cf. FCC v. AT&T Inc.*, 562 U.S. 397, 402–04 (2011) (rejecting the argument that "personal" must be construed consistently with statutory definition of "person").

During oral argument, the government claimed that *Gonzalez v. Holder*, 771 F.3d 238, 245 (5th Cir. 2014), supports its contention that "resides" must be defined consistently with "residence." But the government did not cite that case either before the district court or in its briefing on appeal—perhaps because that case involved the interpretation of the term "resides permanently," not "resides" alone. *Id.* at 244–45.

As noted, we need not resolve any of these issues at this time, because we affirm the dismissal of Flores's suit without prejudice. In the event Flores re-files, the district court may find, based on further factual development, that Flores maintains his principal residence in Texas—which would obviate any need to decide these questions of statutory interpretation here. Alternatively, it may turn out that Flores has a residence in Texas but maintains his principal

residence in Kansas—at which time the parties can brief these issues more carefully, and the district court can decide them in the first instance, in a case that actually implicates these questions.

In sum, Flores may very well be able to establish jurisdiction in Texas in a future case. But based on the record before us, we must affirm.