# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 12, 2020

Lyle W. Cayce
Clerk

No. 19-41041

Fernando Martinez; Leticia Guillen Ontiveros; S.L.G.O., *a minor, by and through her mother*, Leticia Guillen Ontiveros,

*Plaintiffs—Appellants*,

*versus*

Mike Pompeo, *Secretary*, U.S. Department of State,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:17-CV-238

Before King, Graves, and Oldham, *Circuit Judges*.

Per Curiam:

Fernando Martinez says that he is an American citizen and that his wife and stepdaughter are entitled to immigrant visas. The Government disagreed, and it refused to grant a U.S. passport to Martinez or visas to his family. Martinez, his wife, and his stepdaughter challenged these denials in federal court. The district court dismissed the action. We affirm.

No. 19-41041

I.

Martinez has two birth certificates. The first one indicates he was born in Mexico City, Mexico, in April 1965. The second one, registered in June 1965, says he was born in Eagle Pass, Texas. In 2009, Martinez applied for a U.S. passport. After reviewing the conflicting birth certificates, the State Department concluded that Martinez failed to show he was born in the United States. The State Department denied his passport application in 2011. Martinez filed a second passport application. The Government denied it in 2014 for the same reason.

Martinez married Leticia Guillen Ontiveros in 2004. Martinez filed with United States Citizenship and Immigration Services ("USCIS") visa petitions for Ontiveros and Ontiveros's daughter, Sofia. Ontiveros and Sofia also filed for an adjustment of status. These petitions required Martinez to demonstrate that he was a U.S. citizen. Again concluding that he had failed to make that showing, the Government denied the visa petitions in 2013.

In 2017, Martinez, Ontiveros, and Sofia filed suit in the Southern District of Texas against a USCIS field office director, the U.S. Secretary of State, and the United States itself. Martinez sought a declaration of United States nationality under 8 U.S.C. § 1503(a). He also brought Administrative Procedure Act ("APA") challenges against the State Department and USCIS. Ontiveros and Sofia sought review of the visa denials, also under the APA.

The APA is a viable cause of action only if "there is no other adequate remedy in a court" for the challenged agency action. 5 U.S.C. § 704. The Government moved to dismiss the APA claims, arguing that the declaration of nationality was an adequate remedy. Plaintiffs did not file a response in opposition to the motion. The district court agreed with the Government and

2

dismissed the APA claims. Only Martinez's § 1503 claim against the Secretary of State remained.

Last year, while litigation in this case continued in the district court, our court issued its decision in *Gonzalez v. Limon*, 926 F.3d 186 (5th Cir. 2019). In that case, plaintiff twice sought a certificate of citizenship. The Government denied it both times, concluding that the evidence submitted by the plaintiff "failed to establish" her citizenship. *Id.* at 187. Plaintiff sued, relying on 8 U.S.C. § 1503(a). We held that the five-year limitation period for § 1503 claims began to run from the date of the first denial and that a second denial does not restart the clock. *Id.* at 190. Because that first denial took place more than five years before plaintiff filed the lawsuit, the suit was time-barred. *Id.*

After we issued *Gonzalez*, the Government moved to dismiss Martinez's § 1503 claim on the basis that it first denied his passport application 2011, more than five years before Martinez filed suit in 2017. Again, Plaintiffs did not file a brief in opposition. Instead, they filed a motion to "reinstate" the APA claims or, alternatively, to file an amended complaint containing nothing but the APA claims. In that motion, Plaintiffs agreed that *Gonzalez* applied and barred the § 1503 claim. They argued that this meant there was no longer an "adequate remedy in a court" for the challenged agency action other than the APA. 5 U.S.C. § 704.

The district court disagreed. It reasoned that the § 1503 claim remained an "adequate and available remedy" despite the limitation problem. And, applying *Gonzalez*, it held that the § 1503 claim was time-barred. The court dismissed the § 1503 claim and denied the motion to reinstate or refile the APA claims. We review the dismissals *de novo*, *see Hinojosa v. Horn*, 896 F.3d 305, 309 (5th Cir. 2018) (per curiam), and the

denial of the motion to reinstate or refile for abuse of discretion, *see Goldstein v. MCI WorldCom*, 340 F.3d 238, 255–57 (5th Cir. 2003).

## II.

Plaintiffs make three arguments on appeal. First, they assert that the *Gonzalez* time bar should not apply. Second, Ontiveros and Sofia argue that the APA claims should be restored because 8 U.S.C. § 1503 is not an adequate remedy for the denial of their visas. Third, Martinez contends that § 1503 is no longer an adequate remedy for the denial of his passport if the claim is time-barred under *Gonzalez*. None of these arguments has merit.

## A.

We can readily dispose of the first two arguments because they are both forfeited. In the district court, Plaintiffs did not argue that *Gonzalez* was inapplicable; in fact, they argued the opposite. On appeal, we will not allow Plaintiffs to adopt a position not taken in the district court "merely because [they] believe[] that [they] might prevail if given the opportunity to try [the] case again on a different theory." *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 822 (5th Cir. 1996). Plaintiffs therefore forfeited any argument that *Gonzalez* does not apply to Martinez's § 1503 claim.

We similarly decline to consider the assertion that § 1503 did not provide adequate relief to Ontiveros or Sofia. This is an argument Plaintiffs could have made in response to the Government's motion to dismiss the APA claims. But they filed nothing at the time; nor did they raise this issue in the motion to reinstate or refile. Because this argument was never presented to the district court, "we will not address it on appeal." *Fed. Deposit Ins. Corp. v. Mijalis*, 15 F.3d 1314, 1327 (5th Cir. 1994).

B.

Assuming Plaintiffs' third argument was preserved, we nonetheless reject it. We have previously held that 8 U.S.C. § 1503 supplied "an adequate alternative remedy" for challenges to failed passport applications, foreclosing APA relief. *Flores v. Pompeo*, 936 F.3d 273, 277 (5th Cir. 2019). The fact that Plaintiffs allowed the limitations period to run does not make § 1503 inadequate.

We agree with our sister circuits' uniform conclusion that "[a] legal remedy is not inadequate for purposes of the APA because it is procedurally inconvenient for a given plaintiff, or because plaintiffs have inadvertently deprived themselves of the opportunity to pursue that remedy." *Town of Sanford v. United States*, 140 F.3d 20, 23 (1st Cir. 1998); *see also Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice*, 846 F.3d 1235, 1246 (D.C. Cir. 2017) ("[O]ur determination that [another statute] is the proper vehicle for [plaintiff's] claim [rather than the APA] is entirely distinct from the question whether [plaintiff] is entitled to relief. . . . [O]ur conclusion that certain relief is *available* under [the other statute] says nothing about its propriety in an individual case."); *Johnson v. Vilsack*, 833 F.3d 948, 956 n.9 (8th Cir. 2016) (agreeing that the APA adequacy analysis turns on "Congress's decision to pass [a law] to provide a specific remedy for claims like [plaintiff's], rather than any given plaintiff's ability to file a[] . . . suit"); *Turner v. Sec'y of U.S. Dep't of Hous. & Urban Dev.*, 449 F.3d 536, 541 (3d Cir. 2006) (similar); *Martinez v. United States*, 333 F.3d 1295, 1320 (Fed. Cir. 2003) (en banc) ("The fact that the complaint was untimely filed . . . does not mean that court could not offer a full and adequate remedy; it merely means that [plaintiff] did not file his complaint in time to take advantage of that remedy."); *Sable Commc'ns of Cal., Inc. v. Fed. Commc'ns Comm'n*, 827 F.2d 640, 642 (9th Cir. 1987) (deeming the review provided by a statute

adequate even though plaintiff's petition for review under that statute was untimely).

Martinez's § 1503 claim is time-barred under *Gonzalez*. Therefore, the district court properly dismissed it. The time bar did not make Martinez's § 1503 remedy inadequate and hence did not require the district court to reinstate his APA claims. And because the APA claims would not have survived a renewed motion to dismiss, any amendment to the complaint would have been futile. *See Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003).

AFFIRMED.