# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 26, 2021

Lyle W. Cayce
Clerk

No. 20-30667
Summary Calendar

SAMI KALEVA KIVINEN,

*Plaintiff—Appellant*,

*versus*

UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT;
UNITED STATES DEPARTMENT OF HOMELAND SECURITY;
DIANA WHITTE, *Individually and In Her Official Capacity*; UNITED
STATES PUBLIC HEALTH SERVICE; SAMANTHA C. MORALES,
*Individually and In Her Official Capacity*, ET AL,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:20-CV-870

No. 20-30667

Before Davis, Jones, and Elrod, *Circuit Judges.*

Per Curiam:*

Sami Kaleva Kivinen appeals the dismissal of his civil lawsuit asserting the defendants were deliberately indifferent to his medical needs and subjected him to inhumane living conditions, in violation of his Eighth Amendment rights. The district court dismissed the complaint for failure to state a claim, pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(b). We review the district court's dismissal de novo. *See Praylor v. Tex. Dep't of Crim. Just.*, 430 F.3d 1208, 1209 (5th Cir. 2005).

On appeal, Kivinen makes no argument challenging the district court's determination that his claims against the United States, the Department of Homeland Security, Immigration and Customs Enforcement, and the Public Health Service were barred, nor does he challenge the district court's determination that the exercise of supplemental jurisdiction over his state-law claims of negligence and malpractice was unwarranted. Accordingly, he has abandoned any such challenge. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). We decline to consider Kivinen's claims that the defendants failed to provide a medical mattress and pain medication for his lower back pain and that being forced to live without functioning air conditioning at the LaSalle Correctional Center subjected him to extremely dangerous heat, heat exhaustion, and inadequate air quality, in violation of his Eighth Amendment rights, as those claims were not properly presented in the district court. *See Martinez v. Pompeo,* 977 F.3d 457, 460 (5th Cir. 2020).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30667

Kivinen has failed to demonstrate any error in the dismissal of his denial-of-medical-care claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461-62 (5th Cir. 2010); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Gobert v. Caldwell*, 463 F.3d 339, 346 & 349 n.32 (5th Cir. 2006). He has likewise failed to show that the dismissal of his living-conditions claim was error. *See Ashcroft*, 556 U.S. at 678; *Bustos*, 599 F.3d at 461-62; *see also Farmer*, 511 U.S. at 834; *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Marsh v. Jones*, 53 F.3d 707, 711-12 (5th Cir. 1995).

Accordingly, the district court's judgment is AFFIRMED. Kivinen's motion for the appointment of counsel is DENIED. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982); 28 U.S.C. § 1915(e)(1).