# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 29, 2021

Lyle W. Cayce
Clerk

No. 19-11130
Summary Calendar

Kalin Thanh Dao,

*Plaintiff—Appellant*,

*versus*

Jody R. Upton, *Warden, FMC-Carswell*;
Doctor Mercado, *Director of Health Services*;
Doctor Maitee Serrano-Mercado; Nurse J. Orta;
Nurse Sheila Gonzales; Nurse Rob Searle;
Nurse Alfredo Garcia; Nurse Evans; Ms. Briscoe;
All Known and Unknown FMC Carswell Employees, *In their Official and Individual Capacities*;
Nurse J. Grimmard; Occupational Therapist B. Fleming;
Nurse D. Frazier,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:17-CV-516

Before Smith, Stewart, and Graves, *Circuit Judges.*

Per Curiam:*

Kalin Thanh Dao, former federal prisoner #14400-041, filed a lawsuit per *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), while serving her 144-month sentence at Federal Medical Center Carswell ("Carswell") following her conviction of mail and wire fraud and money laundering. Her complaint named several employees of Carswell as defendants and raised Eighth Amendment claims that the defendants were deliberately indifferent to her serious medical needs. The district court dismissed Dao's first amended complaint with prejudice under Federal Rule of Civil Procedure 12(b)(1) and (6) and 28 U.S.C. § 1915(e)(2)(B)(ii), finding, *inter alia*, that she had failed to state a cognizable Eighth Amendment claim and that the defendants were immune from suit.

As a preliminary matter, we find that Dao does not challenge on appeal the district court's dismissal of her claims under the Administrative Procedure Act, denial of relief under 28 U.S.C. § 2241, finding that she failed to state a cognizable claim for a declaratory judgment, and dismissal of her claims of retaliation. Any such challenges are abandoned. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Furthermore, we do not reach Dao's claims arising under the Americans with Disabilities Act and the Rehabilitation Act, which claims she raises for the first time on appeal. *See Martinez v. Pompeo*, 977 F.3d 457, 460 (5th Cir. 2020); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

As to Dao's Eighth Amendment claims of deliberate indifference, we review *de novo* the dismissal of a complaint under § 1915(e)(2)(B)(ii) and the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff[]." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (internal quotation marks and citation omitted); *see Legate v. Livingston*, 822 F.3d 207, 209–10 (5th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To establish a violation of the Eighth Amendment based on deliberate indifference to serious medical needs, a plaintiff must show that the official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation marks and citation omitted). "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference and do not divest officials of qualified immunity." *Alton v. Tex. A&M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999).

We have reviewed Dao's first amended complaint and her lengthy responses to the district court's questionnaires, which required her to list all facts as to each defendant that supported her deliberate-indifference claims. Dao failed to allege any acts by the defendants that rose to the level of deliberate indifference under the protections afforded by the Eighth Amendment. *See Domino*, 239 F.3d at 756; *Alton*, 168 F.3d at 201. As Dao failed to state a cognizable Eighth Amendment claim, the district court correctly found that the defendants were entitled to qualified immunity. *See Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013). Furthermore, there is no error in the determination that defendant Garcia, as a commissioned officer in the U.S. Public Health Service, was statutorily immune from suit under 42 U.S.C. § 233(a). *See Hui v. Castaneda*, 559 U.S. 799, 802 (2010).

No. 19-11130

Dao challenges the denial of her motions to further amend her first amended complaint, which denial we review for abuse of discretion. *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014). The district court permitted Dao to amend her complaint once, and she filed lengthy responses to the court's questionnaires asking her to state all facts as to each defendant that supported her claims. She failed to explain how any new allegations in her proposed amended complaints overcame any inadequacies in her first amended complaint. Dao has failed to show any abuse of discretion. *See id.*

Dao challenges the denial of her motions for appointment of counsel. Because she has not demonstrated exceptional circumstances warranting the appointment of counsel, there is no abuse of discretion. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). For the same reason, her motion for appointment of counsel on appeal is DENIED. *See Cupit*, 835 F.2d at 86; *Ulmer*, 691 F.2d at 212.

Dao's motion requesting that we sanction the appellees is DENIED.

The judgment is AFFIRMED.