# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2021

Lyle W. Cayce
Clerk

No. 21-40062

Rodrigo Vazquez,

*Plaintiff—Appellant*,

*versus*

Antony Blinken, Secretary, U.S. Department of State,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:20-CV-13

Before Stewart, Haynes, and Graves, *Circuit Judges*.

Per Curiam:*

This case concerns the dismissal of Rodrigo Vazquez's complaint challenging the denial of his passport application based on a determination that he failed to present sufficient evidence of U.S. citizenship. According to Vazquez, the district court erred in dismissing his claim under the Administrative Procedure Act ("APA") for lack of jurisdiction because

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40062

Section 1503(a) of the Immigration and Nationality Act ("INA") does not allow him to challenge his application denial in federal court. Because we have previously held that Section 1503(a) supplies an adequate remedy for challenges to failed passport applications foreclosing APA relief, we affirm.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Rodrigo Vazquez was born in Matamoros, Mexico and resides directly across the border in Brownsville, Texas. According to Vazquez, he is a U.S. citizen by acquisition because his U.S. citizen father was physically present in the country for at least ten years before his birth and five of those years were after his father was 14 years of age. *See* 8 U.S.C. § 1401(g).

In June 2014, Vazquez filed an application for a U.S. passport with the State Department. Included among the documents submitted was an affidavit from his father describing his presence in the United States and Mexico before the birth of his sons. In July 2014, the State Department sent Vazquez a letter requesting that he provide public documents to accompany the affidavit and support his father's representation that he was present in the United States, such as school, employment, or military records. In August 2014, Vazquez sent the State Department the same affidavit as that in his original passport application without public documents but with a copy of his brother's recently acquired passport.[1]

In September 2014, upon determining that Vazquez's response was insufficient, the State Department sent him a second letter requesting public

---

[1] In his brief and complaint, Vazquez draws attention to the fact that his brother Benjamin Vazquez received a passport in May 2014 after submitting an identical passport application. However, during oral argument the State Department revealed that Benjamin Vazquez's passport has since been revoked.

No. 21-40062

documents.[2] In October 2014, Vazquez replied with a letter referring the agency back to the materials he provided in August 2014 and asking for a final decision by January 2015. In January 2015, the State Department denied Vazquez's passport application. According to the agency, the documents that he submitted were "insufficient to support [his] father's physical presence in the United States."

In January 2020, five years and eleven days after the State Department denied his passport application, Vazquez filed a complaint in the Southern District of Texas advancing claims under the INA and the APA. *See* 8 U.S.C. § 1503(a) (INA); 5 U.S.C. § 704 (APA). He alleged that the State Department denied him rights and privileges afforded to U.S. nationals when it denied his passport application, and he sought declaratory and injunctive relief. Specifically, Vazquez requested a declaratory judgment as to his nationality, administrative review of the agency's denial of his passport application, and a permanent injunction enjoining the agency from denying him a passport.

In April 2020, the State Department moved to dismiss Vazquez's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). The agency argued that the district court lacked jurisdiction to consider Vazquez's claim under Section 1503(a) of the INA because it was time-barred under the applicable five-year statute of limitations,[3] and that the district court lacked jurisdiction to consider Vazquez's APA claim because he had an adequate

---

[2] Neither party referenced this second letter in their briefs, but the State Department referenced it in the motion to dismiss and it can be found in the record on appeal.

[3] 8 U.S.C. § 1503(a) ("An action under this subsection may be instituted only within five years after the final administrative denial of such right or privilege . . . . ").

No. 21-40062

remedy under Section 1503(a).[4] In his opposition to the motion filed in May 2020, Vazquez abandoned his INA claim and conceded that the district court lacked jurisdiction under Section 1503(a). However, he argued that this was not on account of the provision's statute of limitations but rather on account of its text. According to Vazquez, the specific language of Section 1503(a) only applied to a denial based on a determination that someone was not a U.S. national, whereas his denial was based on a determination that there was insufficient evidence to prove he was a U.S. national. He thus concluded that denying him a passport was not a final administrative denial for the purposes of Section 1503(a), and that his APA claim should proceed before the district court because Section 1503(a) did not provide him an adequate remedy.

In November 2020, the magistrate judge submitted a Report and Recommendation to grant the State Department's motion to dismiss. Notably, the magistrate judge determined that the plain language of the INA supported Vazquez's argument, observing in pertinent part:

> Vazquez's argument is not overly persuasive, but it is compelling in one respect. The plain language of § 1503(a) is consistent with Vazquez's interpretation . . . As Vazquez notes, a State Department finding that a person is not a citizen is distinct from a State Department finding that a person has failed to prove that he is a citizen. It cannot logically be argued otherwise, although Defendant does try.

But he ultimately decided that reading Section 1503(a) consistent with Vazquez's interpretation presented challenges. Among them, (1) courts in this circuit had never read the provision in this way; (2) this analysis could

---

[4] The State Department also argued that the district court lacked jurisdiction to provide injunctive relief under Section 1503(a) because that provision only allows for declarative relief, which Vazquez did not contest on appeal.

create hardship for passport applicants who wanted to file suit within five years but never received a finding that they were not citizens; and (3) it was "difficult to square with" *Martinez v. Pompeo*, 977 F.3d 457 (5th Cir. 2020) (per curiam). In *Martinez*, our court held that Section 1503(a) provided an adequate remedy to a plaintiff whose passport application was denied for failure to provide sufficient evidence of U.S. citizenship and whose claim was time-barred. However, our court did not directly address Vazquez's textual argument.

In December 2020, the district court adopted the magistrate judge's recommendation to dismiss the case for lack of jurisdiction, observing that Vazquez's argument was "contrary to the reasoning in *Martinez v. Pompeo*, when the [c]ourt found 8 U.S.C. § 1503 supplies 'an adequate alternative remedy for challenges to *failed passport applications*, foreclosing APA relief.'" *Id.* at 460. Vazquez now appeals the order of the district court dismissing this case for lack of jurisdiction.

## II. Standard of Review

We review a district court's dismissal for lack of subject matter jurisdiction de novo. *Hinojosa v. Horn*, 896 F.3d 305, 309 (5th Cir. 2018) (per curiam).

## III. Discussion

Section 1503(a) of the INA states that an individual who "claims a right or privilege as a national of the United States and is denied such right or privilege . . . upon the ground that he is not a national of the United States" can seek judicial review in a declaratory judgment action within five years of a final administrative denial. 8 U.S.C. § 1503(a).

On appeal, Vazquez reiterates that the plain language of Section 1503(a) limits jurisdiction to cases where a benefit is denied on the grounds

No. 21-40062

that an individual is affirmatively not a U.S. national. According to Vazquez, his APA claim should proceed because the APA provides for judicial review of a final agency action for which there is no adequate remedy,[5] and Section 1503(a) did not provide him an adequate remedy for challenging his passport application denial based on insufficient evidence. We disagree.

It is well-established that we are bound by the rule of orderliness, which requires that "one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our en banc court." *Mercado v. Lynch*, 823 F.3d 276, 279 (5th Cir. 2016) (quoting *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008)). "Indeed, even if a panel's interpretation of the law appears flawed, the rule of orderliness prevents a subsequent panel from declaring it void." *Vaughan v. Anderson Reg'l Med. Ctr.*, 849 F.3d 588, 591 (5th Cir. 2017) (quoting *Sprong v. Fidelity Nat'l Prop. & Cas. Ins. Co.*, 787 F.3d 296, 305 (5th Cir. 2015) (block quotation and citation omitted)).

Here, we conclude that this court's opinion in *Martinez* controls and compels dismissal. According to the panel in that case, Section 1503(a) supplies an adequate remedy for challenges to failed passport applications

---

[5] *See* 5 U.S.C. § 704.

No. 21-40062

when the statute of limitations has passed, foreclosing APA relief.[6] *See Martinez*, 977 F.3d at 460; *see also id*. ("The time bar did not make Martinez's § 1503 remedy inadequate and hence did not require the district court to reinstate his APA claims."). The panel "agree[d] with our sister circuits' uniform conclusion that '[a] legal remedy is not inadequate for purposes of the APA because it is procedurally inconvenient for a given plaintiff, or because plaintiffs have inadvertently deprived themselves of the opportunity to pursue that remedy.'" *Id*. at 458 (quoting *Town of Sanford v. United States*, 140 F.3d 20, 23 (1st Cir. 1998)). Thus, under *Martinez*, Vazquez had an adequate remedy in Section 1503(a) that foreclosed APA relief. And it remained adequate even though he would have been time-barred under Section 1503(a)'s five-year statute of limitations had he not forfeited his INA

---

[6] In *Martinez*, the court observed, "[w]e have previously held that 8 U.S.C. § 1503 supplied 'an adequate alternative remedy' for challenges to failed passport applications, foreclosing APA relief." *Martinez*, 977 F.3d at 460. For support, *Martinez* cites *Flores v. Pompeo*, 936 F.3d 273 (5th Cir. 2019), and *Flores* cites *Hinojosa*, though neither case explicitly states that Section 1503(a) supplies an adequate remedy for challenges based on insufficient evidence. *See Martinez*, 977 F.3d at 460 (citing *Flores*, 936 F.3d at 277); *Flores*, 936 F.3d at 277 (citing *Hinojosa*, 896 F.3d at 311–14). Regardless, the State Department denied Martinez's applications because he "failed" to "show[]" that he was a U.S. citizen. *See Martinez*, 977 F.3d at 458–59. In affirming the dismissal of Martinez's petition, this court established that Section 1503(a) provides an adequate remedy even where the State Department makes no express determination that the applicant is not a U.S. citizen, thereby foreclosing Vazquez's argument in this case.

claim. *See id*. at 460–61 ("Martinez's § 1503 claim is time-barred under *Gonzalez*. Therefore, the district court properly dismissed it.").[7]

Although the panel in *Martinez* did not address the precise statutory issue that Vazquez raises here, its decision remains binding. The fact that the court may have not considered his textual argument does not allow him to circumvent precedent, and he makes no attempt to distinguish *Martinez*'s factual or legal issues. Moreover, while Vazquez's argument is colorable, it is not conclusive.[8] As Vazquez himself observes:

> Numerous (mostly unpublished) cases hold that an APA action cannot be brought to challenge the denial of a passport application. They rest on the theory that a § 1503(a) cause of action would provide an adequate remedy. In most cases, the denials are based on insufficient evidence, rather than affirmative findings that the applicant was not a U.S. citizen.

It is unlikely that Congress would have remained silent if courts were deciding most cases involving this widely used statute incorrectly. It is also

---

[7] In *Gonzalez v. Limon*, 926 F.3d 186 (5th Cir. 2019), this court affirmed a dismissal of a Section 1503(a) claim challenging the denial of a certificate of citizenship having determined that it was untimely. According to Vazquez, courts have erroneously read *Gonzalez* to time bar all Section 1503(a) claims where there was a denial more than five years prior, preempting APA review without regard to whether this denial was based on insufficient evidence or an affirmative finding of non-citizenship even though the denial in *Gonzalez* was based on an affirmative (and erroneous) finding of non-citizenship. However, there is no language in *Gonzalez* that suggests the court limited its holding in this way.

[8] Vazquez contends that *Chevron* requires reversal because where congressional intent as expressed by the plain language of the statute is clear, contrary agency interpretations receive no deference. *See Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842–43 (1984). However, *Chevron* deference compels federal courts to defer to agency construction of a statute that Congress unambiguously directed that agency to administer. This case does not involve a challenge to agency interpretation but rather judicial interpretation, and congressional intent as expressed by the plain language of Section 1503(a) is hardly unambiguous.

unlikely that Congress would have required the majority of denied passport applicants under this statutory framework to file claims under the APA. After all, "Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action." *Hinojosa*, 896 F.3d at 310 (quoting *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988)).

Additionally, the plain text of Section 1503(a) and Vazquez's denial letter do not support his interpretation. Although he invokes language from other denial letters indicating that denied passport applicants have been expressly invited to reapply, and that such denials thereby do not constitute final administrative denials under Section 1503(a), Vazquez's own denial letter did not include such language. Thus, his application was decisively denied on the ground that he is not a U.S. national, Section 1503(a) supplied an adequate remedy, and his APA claim cannot proceed.[9]

## IV. CONCLUSION

For the aforementioned reasons, the judgment of the district court is AFFIRMED.

---

[9] In the alternative, the State Department argues for the first time on appeal that Vazquez cannot sue under the APA because Section 1503(a) forbids the relief sought, and the three requirements for a statute to trigger the APA's limitation on its sovereign immunity waiver are satisfied. As the agency observes, "[t]his [c]ourt may consider arguments relating to the United States' sovereign immunity for the first time on appeal." *United States v. $4,480,466.16 in Funds Seized from Bank of Am. Acct. Ending in 2653*, 942 F.3d 655, 665 (5th Cir. 2019). However, we need not reach this argument here because the rule of orderliness requires us to affirm the district court.