# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 15, 2022

Lyle W. Cayce
Clerk

No. 21-50047
Summary Calendar

Eric Martin Matthews,

*Petitioner—Appellant*,

*versus*

Warden S. Ma'at,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:20-CV-371

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

　　Eric Martin Matthews, federal prisoner # 75804-004, pleaded guilty to use of a computer to entice a minor to engage in sexual activity and use of a computer to disseminate child pornography in the United States District

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50047

Court for the Southern District of Florida. He was sentenced to an aggregate term of imprisonment of 262 months.

While incarcerated in the Western District of Texas, he filed a 28 U.S.C. § 2241 habeas corpus petition attacking his convictions. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). His petition asserted that the district court could not validly enter a judgment of conviction against him because 18 U.S.C. § 3231 is unconstitutional and thus the district court lacked subject matter jurisdiction over his criminal proceedings. He further asserted that the Antiterrorism and Effective Death Penalty Act (AEDPA) was unconstitutional if it was construed as requiring him to raise his challenges to § 3231 on direct appeal or in a timely filed initial 28 U.S.C. § 2255 motion because subject matter jurisdiction can never be waived and because that construction of the AEDPA would deny him a remedy for a constitutional violation.

This court reviews a district court's dismissal of a § 2241 petition on the pleadings de novo. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Challenges to a sentence's execution are made under § 2241; challenges seeking to vacate a conviction or sentence are ordinarily made pursuant to a § 2255 motion. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). However, pursuant to the savings clause of § 2255(e), a habeas petitioner in federal custody may attack his conviction and sentence under § 2241 if § 2255 "is inadequate or ineffective to test the legality of his detention." § 2255(e); *see Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). To show the inadequacy or ineffectiveness of a § 2255 motion, a prisoner must demonstrate that (1) his petition raises a claim that is based on a retroactively applicable decision of the Supreme Court that establishes that he was actually innocent of the charges against him (*i.e.*, that he was convicted of a nonexistent offense); and (2) his claim was foreclosed when it should have been presented in his trial, direct appeal, or original § 2255 motion.

2

*Reyes-Requena*, 243 F.3d at 904. The petitioner has the burden of showing that the savings clause applies. *Wilson v. Roy*, 643 F.3d 433, 435 (5th Cir. 2011).

Notwithstanding Matthews's arguments to the contrary, a federal prisoner must meet the requirements set forth in *Reyes-Requena* when he seeks to attack his conviction in a § 2241 habeas corpus petition filed in this circuit. See *Reyes-Requena*, 243 F.3d at 901. Matthews's due process argument fails to satisfy that standard, and he disclaimed reliance on the savings clause in the district court. *See Wilson*, 643 F.3d at 435; *see also See Martinez v. Pompeo*, 977 F.3d 457, 460 (5th Cir. 2020) (stating that an appellant cannot assert an argument on appeal that is contrary to the position that he has taken in the district court). To the extent that Matthews argues that *Reyes-Requena* was wrongly decided, this court and the district court are bound by that decision until this court sitting en banc or the Supreme Court issues a contrary intervening decision. *See United States v. Short*, 181 F.3d 620, 624 (5th Cir. 1999). We do not address Matthews's related challenge to his plea agreement because it was not properly asserted in the district court. *See Martinez*, 977 F.3d at 460.

The judgment of the district court is AFFIRMED. Matthews's request for a remand is DENIED as unnecessary.