# United States Court of Appeals
# for the Fifth Circuit

————————————

No. 22-20313
Summary Calendar

————————————

United States Court of Appeals
Fifth Circuit

**FILED**
April 6, 2023

Lyle W. Cayce
Clerk

United States of America,

Plaintiff—Appellee,

versus

Mohammad Khan,

Defendant—Appellant.

————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-64-1

————————————————————————

Before Clement, Graves, and Wilson, Circuit Judges.

Per Curiam:*

Mohammad Khan, federal prisoner # 07174-379, appeals the district court's denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for sentence reduction. He argues the district court clearly erred in finding no extraordinary and compelling circumstances warranted compassionate release because he suffered serious medical complications during his

————————————————

* This opinion is not designated for publication. See 5th Cir. R. 47.5.

No. 22-20313

hospitalization for a COVID-19 infection; he continues to suffer from breathing and digestive system problems that prison healthcare providers have not properly treated; and his age and chronic health conditions, including diabetes and hypertension, pose a high risk that reinfection will result in severe illness or death. He also argues the district court erred in finding that the 18 U.S.C. § 3553(a) factors weighed against granting compassionate release.

The district court did not abuse its discretion in deciding Khan did not establish extraordinary and compelling reasons warranting compassionate release. *See Ward v. United States*, 11 F.4th 354, 359 (5th Cir. 2021). The court considered Khan's medical conditions and the complications he suffered during his hospitalization and determined they did not present extraordinary and compelling reasons for granting his motion, when considered in combination with the fact that he had served only 25 percent of his 40-year sentence. *See United States v. Thompson*, 984 F.3d 431, 433-35 (5th Cir. 2021). The district court's determination is supported by the record and was not based on "an error of law or a clearly erroneous assessment of the evidence." *Ward*, 11 F.3d at 359 (internal quotation marks and citation omitted).

Nor has Khan shown that the district court abused its discretion in finding the § 3553(a) factors weighed against granting his motion. We give a high level of deference to the district court's weighing of the § 3553(a) factors. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). The district court permissibly gave greater weight to the seriousness of Khan's criminal conduct, the amount of time remaining on his sentence, and the need for just punishment than to his medical issues and his good disciplinary record. *See id.* at 693-94. Khan's disagreement with the district court's balancing of the § 3553(a) factors is insufficient to establish an abuse

of discretion and "is not sufficient ground for reversal." *See id.* at 694; *see also United States v. Rollins*, 53 F.4th 353, 360 (5th Cir. 2022).

In his reply brief, Khan argues the district court based its decision on clearly erroneous information and did not consider his argument that he should not have been held responsible for the entire loss amount. To the extent that he is challenging the district court's initial sentencing determinations, he may not do so in a § 3582(c)(1)(A) motion. *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011) (18 U.S.C. § 3582(c)(2) motion).

In addition, Khan has not shown that the district court erred in failing to consider whether he should be granted a sentence reduction, rather than immediate release. Any error was harmless as this court routinely affirms the denial of a compassionate release motion "where the district court's weighing of the [§] 3553(a) factors can independently support its judgment." *United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *see also Ward*, 11 F.4th at 360-62.

Khan also argues the district court erroneously failed to consider whether he had shown extraordinary and compelling circumstances before analyzing the § 3553(a) factors. Even if § 3582(c)(1)(A)(i) contained such a requirement (it does not), any error was harmless. *See Jackson*, 27 F.4th at 1093 n.8; *Ward*, 11 F.4th at 360-62.

Lastly, Khan argues the district court's denial of a sentence reduction violated the Eighth Amendment's prohibition on cruel and unusual punishment. We need not consider this claim because he did not raise it in the district court, *see Martinez v. Pompeo*, 977 F.3d 457, 460 (5th Cir. 2020), and because the district court properly disposed of Khan's motion for compassionate release after considering the § 3553(a) factors. *See Chambliss*, 948 F.3d at 692-93.

No. 22-20313

We do not address the Government's argument, raised for the first time on appeal, that Khan was not eligible for compassionate release because he has been vaccinated. *See Thompson*, 984 F.3d at 432 n.1.

AFFIRMED.