# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 7, 2023

Lyle W. Cayce
Clerk

_____

No. 22-60461
Summary Calendar
_____

JARRETT ROMERO NELSON,

*Plaintiff—Appellant*,

*versus*

BILLY SOLLIE; MELISSA MCCARTER; MARY JO ROBINSON;
DAPHNE BARR,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:19-CV-796

_____

Before WIENER, ELROD, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Plaintiff-Appellant Jarrett Romero Nelson, Mississippi prisoner # K8198, appeals the summary judgment dismissal of his 42 U.S.C. § 1983 lawsuit against Sheriff Billy Sollie, Major Mellissa McCarter, Mary Jo Robinson, and Daphne Barr. For the following reasons, we AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-60461

Nelson alleges that he was denied medical care and subjected to inadequate prison conditions. As his contentions are directed solely toward the district court's order granting summary judgment, Nelson has abandoned any challenges to the earlier partial dismissals of his claims against Detective Vann and Officer Anderson as (1) frivolous and (2) for failure to state a claim. He has also abandoned any challenge to the dismissal without prejudice of his claims against the medical staff, Lieutenant Gowdy, Officer Shaffer, Officer Eagan, and Sergeant Freeman. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); *see also Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Neither shall we consider new claims that were not raised before the district court. *See Martinez v. Pompeo*, 977 F.3d 457, 460 (5th Cir. 2020); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

We review the district court's grant of summary judgment de novo. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The undisputed summary judgment evidence here establishes that the Lauderdale County Detention Facility where Nelson was housed has a two-step administrative review process. First, an inmate must file a written grievance on a Grievance Report/Request Form. Then, if dissatisfied with the result, the inmate must file a written appeal within three days after receiving the initial decision. The evidence here demonstrates that during the relevant time period, Nelson never filed a written grievance regarding (1) the denial of medical or dental care, (2) the quality of his food, or (3) the conditions of his cell during the relevant time period. As for the grievances that he did file, Nelson never filed an appeal and thus failed to complete the requisite two-step process.

No. 22-60461

Nelson concedes that he was aware of the grievance procedure but claims that he in fact exhausted his remedies by filing a grievance to which he never received a response. However, his assertion is wholly conclusional and is insufficient to survive summary judgment. *See Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). His assertion that he "grieved verbally to officers" is unavailing because the prison policy requires that step-one grievances be submitted in writing on a prisoner-grievance form. Nelson's contention that he should not have been required to exhaust his remedies because any grievances would have had to be submitted to officers about whom he was complaining and were thus unlikely to succeed is meritless. *See Wilson v. Epps*, 776 F.3d 296, 299–300 (5th Cir. 2015); *Cowart v. Erwin*, 837 F.3d 444, 451 (5th Cir. 2016).

The uncontroverted summary judgment evidence confirms that Nelson failed to exhaust his administrative remedies prior to filing the instant lawsuit, so he cannot show any error in the summary judgment dismissal of his claims for failure to exhaust. *See* 42 U.S.C. § 1997e(a); *see also Wilson*, 776 F.3d at 299–300; *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). The district court's judgment is AFFIRMED.