United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 13, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 05-30870

DIRECTV, INC.,

Plaintiff - Appellant,

VERSUS

JAMES BENNETT

Defendant -Appellee.

Appeal from the United States District Court
For the Western District of Louisiana

Before JONES, Chief Judge, and DAVIS, and GARZA, Circuit Judges.

PER CURIAM:

DIRECTV, Inc. appeals the judgment of the district court dismissing its claim under the

Wiretap Act against James Bennett, an individual who pirated its satellite signal. The district court's

judgment rests on its conclusion that the Wiretap Act, 18 U.S.C. § 2510, et seq., does not allow a

private right of action. Based on the plain language of the statute, we disagree and reverse.

I.

DIRECTV brought this civil action against James Bennett to obtain remedies for his piracy

of DIRECTV's satellite signal. DIRECTV's case has two statutory bases, the Communications Act,

47 U.S.C. § 605(e)(3)(A), for violations of § 605(a) and (e)(4), and the Wiretap Act, 18 U.S.C. §

2520, for violations of § 2511(a).  Only the Wiretap Act, 28 U.S.C. §§ 2520 and 2511, is relevant to this appeal.

Bennett failed to respond to the complaint and DIRECTV filed a motion for default judgment, asking the district court to find Bennett liable under both acts, and award injunctive relief and statutory damages.  The district court found Bennett liable under the Communications Act and awarded damages of $2,500 and attorney's fees.  It declined to find liability under the Wiretap Act, which provides for greater damages, or award injunctive relief.

DIRECTV appeals the dismissal of its claim under the Wiretap Act.  Defendant Bennett has not responded to DIRECTV's appeal.

II.

Two sections of the Wiretap Act are at issue in this appeal, sections 2511 and 2520.  Section 2511 is a primarily a criminal provision.[1]  Section 2511(1) provides that anyone who intentionally

---

[1]  **§ 2511.  Interception and disclosure of wire, oral, or electronic communications prohibited**

(1) Except as otherwise specifically provided in this chapter [18 USCS §§ 2510 et seq.] any person who--
  (a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication;
  (b) intentionally uses, endeavors to use, or procures any other person to use or endeavor to use any electronic, mechanical, or other device to intercept any oral communication when--
    (i) such device is affixed to, or otherwise transmits a signal through, a wire, cable, or other like connection used in wire communication; or
    (ii) such device transmits communications by radio, or interferes with the transmission of such communication; or
    (iii) such person knows, or has reason to know, that such device or any component thereof has been sent through the mail or transported in interstate or foreign commerce; or
    (iv) such use or endeavor to use (A) takes place on the premises of any business or other commercial establishment the operations of which affect interstate or foreign commerce; or (B) obtains or is for the purpose of obtaining information relating to the operations of any business or other commercial establishment the operations of which affect interstate or foreign commerce; or

intercepts any electronic communication, as described in subsections (1)(a) through (e), is subject to criminal penalties as provided in subsection (4) and civil suit by the federal government, as provided in subsection (5). Section 2520(a) expressly allows private civil suits by any person whose electronic communication is intercepted in violation of "this chapter" of the statute.[2]

---

(v) such person acts in the District of Columbia, the Commonwealth of Puerto Rico, or any territory or possession of the United States;

  (c) intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection;

   (d) intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection; or

   (e) (i) intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, intercepted by means authorized by sections 2511(2)(a)(ii), 2511(2)(b)-(c), 2511(2)(e), 2516, and 2518 of this chapter [18 USCS §§ 2511(2)(a)(ii), 2511(2)(b)-(c), 2511(2)(e), 2516, and 2518], (ii) knowing or having reason to know that the information was obtained through the interception of such a communication in connection with a criminal investigation, (iii) having obtained or received the information in connection with a criminal investigation, and (iv) with intent to improperly obstruct, impede, or interfere with a duly authorized criminal investigation,

shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5).
. . .

(4) [sets criminal punishment.]

(5) [allows suits by the federal government in certain circumstances.]

[2] **§ 2520. Recovery of civil damages authorized**

(a) In general. Except as provided in section 2511(2)(a)(ii) [18 USCS § 2511(2)(a)(ii)], any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter [18 USCS §§ 2510 et seq.] may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

(b) Relief. In an action under this section, appropriate relief includes--

The district court began its analysis with section 2511. It noted that § 2511(1) refers to subsection (4) which is a criminal penalty. Section 2511(1) also refers to subsection (5) which allows suits by the federal government. Based on these provisions the district court concluded that § 2511 does not allow a private right of action for violations described in 2511(1)(a).

The district court then examined section 2520. It noted that § 2520(c)(1) sets forth damages only for interception of communications that are not scrambled or encrypted. It read section 2520(c)(2) as setting forth damages for any other action under "this section", meaning section 2520 not 2511. Since DIRECTV's signal in this case was encrypted, it concluded that it could not allege

    (1) such preliminary and other equitable or declaratory relief as may be appropriate;
    (2) damages under subsection (c) and punitive damages in appropriate cases; and
    (3) a reasonable attorney's fee and other litigation costs reasonably incurred.

(c) Computation of damages.
  (1) In an action under this section, if the conduct in violation of this chapter [18 USCS §§ 2510 et seq.], is the private viewing of a private satellite video communication that is not scrambled or encrypted or if the communication is a radio communication that is transmitted on frequencies allocated under subpart D of part 74 of the rules of the Federal Communications Commission that is not scrambled or encrypted and the conduct is not for a tortious or illegal purpose or for purposes of direct or indirect commercial advantage or private commercial gain, then the court shall assess damages as follows:
    (A) If the person who engaged in that conduct has not previously been enjoined under section 2511(5) [18 USCS § 2511(5)] and has not been found liable in a prior civil action under this section, the court shall assess the greater of the sum of actual damages suffered by the plaintiff, or statutory damages of not less than $ 50 and not more than $ 500.
    (B) If, on one prior occasion, the person who engaged in that conduct has been enjoined under section 2511(5) [18 USCS § 2511(5)] or has been found liable in a civil action under this section, the court shall assess the greater of the sum of actual damages suffered by the plaintiff, or statutory damages of not less than $ 100 and not more than $ 1000.
  (2) In any other action under this section, the court may assess as damages whichever is the greater of--
    (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or
    (B) statutory damages of whichever is the greater of $ 100 a day for each day of violation or $ 10,000.

a violation of § 2511 by asserting a private cause of action under § 2520 because § 2520 applies only to signals that are not scrambled or encrypted. Based on our analysis of these sections as set forth below, we disagree.

Our analysis starts with section 2520. Section 2520 allows "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter" to recover appropriate relief from the person or entity which engaged in the violation in a civil action. 18 U.S.C. § 2520(a). This section establishes that the violations for which civil actions are allowed are those described in this "chapter." Chapter 119, Wire and Electronic Communications Inceptions and Interception of Oral Communications, includes section 2511 which prohibits the intentional interception of any wire, oral, or electronic communication. 18 U.S.C. § 2511(1)(a).

The remainder of § 2520 sets forth the types of relief that are available under such a civil case. Subsection (b) of 2520 states that such relief includes equitable or declaratory relief, damages under subsection (c) and reasonable attorney's fees and costs. 18 U.S.C. § 2520(b). Subsection (c) of 2520 sets forth the damages that are allowable in such cases. Subsection 2520(c)(1) sets damages for interception of signals that are "not scrambled or encrypted." Subsection 2520(c)(2) sets damages for "any other action under this section."

As stated above, the violation identified under "this section" 2520, refers to any violation under this chapter. The violation pursued by DIRECTV is of § 2511(1)(a), unauthorized interception of any electronic signal which is a violation in "this chapter", Chapter 119, Wire and Electronic Communications Inceptions and Interception of Oral Communications. Since § 2520(c)(1) covers signals that are "not scrambled or encrypted," the damages allowed in § 2520(c)(2) covering "any other action" plainly apply to cases like this one where the plaintiff's signal was scrambled or

encrypted.

Other circuits which have addressed this question agree. In <u>DIRECTV Inc. v. Nicholas</u>, 403 F.3d 223 (4th Cir. 2005), the Fourth Circuit held that DIRECTV had a cause of action under § 2520 for a violation of § 2511, using essentially the same reading of the statute as outlined above. See also <u>DIRECTV Inc. v. Pepe</u>, 431 F.3d 162 (3[d] Cir. 2005). Two cases from this circuit refer to the civil remedy available in § 2520 for a violation of § 2511, although the existence of a civil remedy was not the issue in the case. In <u>DIRECTV Inc. v. Robson</u>, 420 F.3d 532 (5th Cir. 2005), and <u>DIRECTV Inc. v. Minor</u>, 420 F.3d 546 (5th Cir. 2005), the issue was whether DIRECTV had presented sufficient evidence to survive summary judgment on the question of actual interception of its signal by the defendant. <u>Minor</u> and <u>Robson</u> describe the interrelation of § § 2511 and 2520 in the identical manner, as follows:

> Similarly, § 2511(1)(a) imposes criminal liability upon any person who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication." A civil action is provided in § 2520(a): "Any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate."

<u>Minor</u>, 420 F.3d at 549, <u>Robson</u>, 420 F.3d at 537.

Accordingly, under the plain language of the Wiretap Act, it is clear that a private right of action is allowed under 18 U.S.C. § 2520 for violations of § 2511.

III.

For the foregoing reasons, the district court's judgment in favor of Bennett under the Wiretap Act is reversed and the case remanded for entry of judgment under the Wiretap Act in favor of DIRECTV. Remand is also required to allow the district court to assess damages under § 2520.

REVERSED and REMANDED.