

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-18-2009

# Corbin Thomas v. Manisha Seth

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3880

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Corbin Thomas v. Manisha Seth" (2009). *2009 Decisions.* Paper 1724.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1724

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-111                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3880
_____

CORBIN THOMAS,
Appellant

v.

MANISHA SETH; JOSEPH MCGETTIGAN;
DARREN HOWARD; UNITED STATES ATTORNEY'S OFFICE;
FEDERAL DETENTION CENTER - PHILA.

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 07-02203)
District Judge:  Honorable Jan E. Dubois

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 20, 2009

Before:  RENDELL, HARDIMAN and GREENBERG, Circuit Judges

(Filed : March 18, 2009)
_____

OPINION OF THE COURT
_____

PER CURIAM

Corbin Thomas filed this pro se action in the Eastern District of Pennsylvania,

alleging violations of federal law with regard to the handling of his prison records.  The

District Court granted Appellees AUSA Sheth[1], AUSA McGettigan, BOP attorney Howard, the U.S. Attorney's Office, and FDC-Philadelphia's motion to dismiss Thomas' complaint. For the reasons that follow, we will affirm.

Thomas is a federal inmate who was incarcerated at FDC-Philadelphia between April 27, 2005, and August 27, 2007, while awaiting trial on narcotics and money laundering charges. On two occasions in March 2007, AUSAs Sheth and McGettigan, the prosecutors assigned to Thomas' case, requested and acquired Thomas' prison records from FDC-Philadelphia. The records contained, among other things, approximately 1,500 of Thomas' telephone calls from within the prison. Thomas filed suit, alleging that Howard and FDC-Philadelphia lacked authority to give, and that Sheth, McGettigan and the U.S. Attorney's Office lacked authority to receive, these records per provisions of the federal Privacy Act, the Stored Communications Act, and the Wiretap Act. We now turn to those statutes in that order.

Privacy Act, 5 U.S.C. § 551, et seq.

In his complaint, Thomas alleged that the U.S. Attorney's Office and FDC-Philadelphia violated § 552a(b) of the Privacy Act, which prevents a government agency from disclosing "any record which is contained in a system of records by any means of communication to any person, or to another agency," barring certain exceptions. An

---

[1] As noted by the District Court, AUSA Manisha Sheth's name is spelled incorrectly in the caption.

agency's failure to comply with that provision subjects the agency to civil liability, if the aggrieved party can demonstrate that he or she was adversely effected by that failure to comply. See 5 U.S.C. § 552a(g)(1)(D). Here, the District Court correctly found that the U.S. Attorney's Office and FDC-Philadelphia's actions were shielded by exceptions to § 552a(b). See 5 U.S.C. §§ 552a(a)(7), (b)(3), (e)(4), and (j)(2); Privacy Act of 1974, 63 Fed. Reg. 8659-02 (Feb. 20, 1998), 1998 WL 66517. Therefore, Thomas has failed to state a claim under the Privacy Act.

Stored Communications Act, 18 U.S.C. § 2701, et seq.

Thomas next alleged that each one of the Appellees violated § 2703(c) of the Stored Communications Act. That provision prevents a "provider of electronic communication service or remote computing service" from disclosing certain records of "a subscriber to or customer of such service" to a "governmental entity," unless the entity is, for example, acting pursuant to valid warrant, a court order, or the consent of the "subscriber or customer." See 18 U.S.C. §§ 2703(c)(1)(A)-(C). As a preliminary matter, it is most doubtful that FDC-Philadelphia is a "provider of electronic communication service or remote computing service," or that Thomas is a "subscriber or customer" of FDC-Philadelphia, for purposes of the Stored Communications Act. Nonetheless, the District Court properly found that the Appellees were exempt from liability under the statute. See 18 U.S.C. §§ 2703(c)(1)(A), (e), 2707(a) and 2707(e). Therefore, Thomas has failed to state a claim under the Stored Communications Act.

3

<u>Wiretap Act, 18 U.S.C. § 2510, et seq.</u>

Finally, Thomas alleged that each of the Appellees violated § 2511(1) of the Wiretap Act, which proscribes the intentional, unauthorized interceptions and disclosures of wire, oral and electronic communications. As Thomas concedes, however, he had given prior consent for FDC-Philadelphia to monitor and record his phone calls. This is fatal to his claims against Sheth, McGettigan, and Howard. <u>See</u> 18 U.S.C. § 2511(2)(c) ("It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where . . . one of the parties to the communication has given prior consent to such interception"). In addition, the Wiretap Act exempts the United States, and therefore the U.S. Attorney's Office and FDC-Philadelphia, from liability, barring certain conditions not present in this case. <u>See</u> 18 U.S.C. §§ 2520(a) and 2712. Therefore, the District Court correctly found that Thomas failed to state a claim under the Wiretap Act.

<u>Futility of Amending the Complaint</u>

"[I]n the event a complaint fails to state a claim, unless amendment would be futile, the District Court must give a plaintiff the opportunity to amend her complaint." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 228 (3d Cir. 2008); <u>see also</u> <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004) ("even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile") (citing

4

Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)). Because Thomas cannot circumvent the layers of exemptions from liability in each of the relevant statutes, and there appearing to be no other statutes applicable to Thomas' specific grievance, we are satisfied that it would have been an exercise in futility for the District Court to have given him leave to amend the complaint.

There being no substantial question presented by Thomas' appeal, we will summarily affirm the District Court's order. <u>See</u> LAR 27.4; I.O.P. 10.6.