# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 19, 2023

Lyle W. Cayce
Clerk

————————

No. 22-40665

————————

Marlene A. Dougherty, *doing business as* Law Office of
Marlene A. Dougherty,

*Plaintiff—Appellant*,

*versus*

United States Department of Homeland Security;
Unknown John and Jane Does, Employed by DHS,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:21-CV-154

———————————————————————

Before Davis, Southwick, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-appellant, Marlene A. Dougherty, proceeding *pro se*, filed suit against Defendants-Appellees, the Department of Homeland Security ("DHS") and unnamed DHS officers ("Unnamed Defendants"), alleging that Defendants unlawfully accessed and tampered with her computer network and telecommunications systems, in violation of her rights under the

—————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40665

First, Fourth, and Fifth Amendments, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2523, the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Stored Communications Act, 18 U.S.C. §§ 2701-2712, and state law. The district court dismissed Dougherty's amended complaint for lack of subject matter jurisdiction and for failure to state a claim. We AFFIRM but MODIFY THE JUDGMENT to dismiss without prejudice Dougherty's claims over which we lack subject matter jurisdiction.

## I.    BACKGROUND

Dougherty is an attorney practicing immigration law in Brownsville, Texas. She characterizes her practice as focusing on the "lawful defense of undocumented immigrants" who are "victims of the unauthorized practice of immigration law." As part of this work, Dougherty contends that she regularly appears before "the immigration agencies" and often is required to criticize "employees of the [a]gencies, including immigration judges."

In light of Dougherty's advocacy, she contends that DHS has retaliated against her by "unlawfully monitoring . . . her electronic and aural communications" and interfering in her "right to practice law on behalf of undocumented immigrants." As detailed in her amended complaint and attached exhibits, Dougherty alleges that she first became aware of this alleged unlawful monitoring in 2010 and continued to experience problems through 2021.

Specifically, in 2010, Dougherty's amended complaint implies that her phone conversation with a client about a filing fee payment was intercepted and resulted in her checks not being returned with a "receipt number" from DHS. In early 2018, Dougherty states that she mentioned her concern about these checks in conversation at her office and afterwards her checks "began to be blacked out." Also in 2018, Dougherty noticed

2

No. 22-40665

"changes to information stored in her QuickBooks," unauthorized edits to a legal brief, and the loss of computer access to her email account.

From 2019-2020, Dougherty had repeated issues registering for and signing into DHS-run websites and accounts. In October of 2019, Dougherty alleges that she received an anonymous voicemail that noted "where [she] was going [and] mischaracterizing her private religious activities." She further asserts that a year later an anonymous user posted on Twitter details from Dougherty's private conversation with her mother. On June 14, 2021, Dougherty alleges she "inadvertently found that the Office of the Principal Legal Advisor (OPLA)[,] a division of ICE[,] was logged in to and was the control organization to [her] Office 365 and Outlook Mail." And within the past two years, Dougherty alleges that she has received phone messages "in which law enforcement could be heard in the background."

Dougherty has reported the above issues several times throughout the years. In 2016, 2018, and 2020, she hired security experts to investigate the alleged unauthorized access and surveillance. Additionally, Dougherty has twice reported these issues to the Federal Bureau of Investigation ("FBI"), but no issues were found with her devices.

On October 7, 2021, Dougherty filed her original complaint seeking damages, injunctive relief, and a temporary restraining order. After the district court denied her request for a temporary restraining order, Dougherty filed her amended complaint—the operative pleading for this appeal—reasserting claims against DHS and the Unnamed Defendants.[1]

_____

[1] Dougherty's amended complaint does not state whether she is asserting claims against the Unnamed Defendants in their official or personal capacities. However, Dougherty's opening brief on appeal clarifies that she intended to sue the Unnamed Defendants in their individual capacities. To the extent she also intended to sue the officers in their official capacities, such claims would face the same fate as those brought against

Specifically, Dougherty's amended complaint asserts claims under the Electronic Communications Privacy Act ("ECPA"), the Computer Fraud and Abuse Act ("CFAA"), and the Stored Communications Act ("SCA") against DHS and the Unnamed Defendants. She additionally brings claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*[2] and a state-law antitrust claim against the Unnamed Defendants.

On January 11, 2022, Dougherty issued third-party subpoenas to AT&T and Twitter in order to identify the Unnamed Defendants. In response, Defendants filed an emergency motion to quash these subpoenas as prematurely issued under Rule 45 of the Federal Rules of Civil Procedure. After giving Dougherty a chance to respond, the district court granted Defendants' motion to quash and denied Dougherty's request for expedited discovery. On February 28, 2022, Defendants moved to dismiss Dougherty's claims for lack of subject matter jurisdiction and for failure to state a claim.

On March 1, 2022, the district court heard arguments on the Defendants request for a stay of discovery pending the court's resolution of the pending motion to dismiss. The court granted the stay, citing the strength of Defendants' motion to dismiss and Dougherty's lack of any allegation "that ties these particular defendants to the specific technological issues that . . . [she] allege[d]."

The district court also granted Defendants' motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6), dismissed Dougherty's claims with prejudice, and denied her request for a temporary and permanent injunction.

---

DHS. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." (citation omitted)).

[2] 403 U.S. 388 (1971).

No. 22-40665

Dougherty moved to amend the judgment, which the district court granted in part, agreeing with Dougherty that the dismissal of her SCA claims should have been without prejudice. As amended, the district court's judgment dismissed with prejudice Dougherty's ECPA and CFAA claims and dismissed without prejudice her SCA claims.[3] Dougherty timely appealed.

## II.    DISCUSSION

On appeal, Dougherty reasserts her claims and argues that the district court erred by dismissing them with prejudice and by denying her early discovery to identify the DHS agents. We address these contentions in turn.

### A.    Rule 12(b)(1)

#### 1.    Standard of Review

A dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is reviewed *de novo*, applying the same standard as the district court.[4]  "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."[5]  "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[6]

---

[3] The district court again denied Dougherty's request for injunctive relief in its amended order. Although Dougherty appeals this order, she does not brief the issue of injunctive relief. Accordingly, she has "waived or abandoned this issue on appeal." *Al-Ra'id v. Ingle*, 69 F.3d 28, 31 (5th Cir. 1995).

[4] *Flores v. Pompeo*, 936 F.3d 273, 276 (5th Cir. 2019) (citing *Musslewhite v. State Bar. of Tex.*, 32 F.3d 942, 945 (5th Cir. 1994)).

[5] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citation omitted).

[6] *Id.* (citing *Hitt v City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)).

### 2.    *Sovereign Immunity*

The district court correctly dismissed Dougherty's ECPA and CFAA claims against DHS because the Government has not waived sovereign immunity under either statute.  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."[7]  And because sovereign immunity goes to the court's subject matter jurisdiction, "Congress's waiver of [it] must be unequivocally expressed in statutory text and will not be implied."[8]

Here, Dougherty asserts that DHS violated the ECPA's prohibition on the unauthorized interception and disclosure of wire, oral, or electronic communications, codified at 18 U.S.C. § 2511.  Although "[s]ection 2511 is . . . primarily a criminal provision," § 2520(a) "expressly allows private civil suits by any person whose electronic communication is intercepted in violation of 'this chapter' of the statute."[9]  Section 2520(a) states that an aggrieved party has a cause of action against "the person or entity, *other than the United States*, which engaged in that violation."[10]  Because Dougherty seeks relief under § 2520(a), which expressly bars relief against the United States and its agencies, the district court correctly dismissed her claim for lack of subject matter jurisdiction.[11]

---

[7] *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted).

[8] *Freeman v. United States*, 556 F.3d 326, 335 (5th Cir. 2009) (internal quotation marks and citation omitted).

[9] *DIRECTV, Inc. v. Bennett*, 470 F.3d 565, 566-67 (5th Cir. 2006) (per curiam).

[10] 18 U.S.C. § 2520(a) (emphasis added).

[11] *See Voinche v. Obama*, 744 F. Supp. 2d 165, 175-76 (D.D.C. 2010) (dismissing plaintiff's claims against federal agencies and officers because under § 2520 "the United States is specifically exempted" (internal quotation marks and citation omitted)).

No. 22-40665

However, as Dougherty points out, another section of the ECPA, titled the Stored Communications Act, does provide a cause of action for money damages against the United States. Specifically, 18 U.S.C. § 2712 permits suits against the United States for willful violations of the SCA and "chapter 119" of title 18.[12] However, like other courts, we determine that the express language of § 2520 prohibits claims against the United States brought under that section, regardless of whether immunity is waived for claims raised under § 2712.[13]

Dougherty has similarly failed to demonstrate that the United States has waived sovereign immunity for claims under the CFAA. The CFAA provides a civil cause of action to "[a]ny person who suffers damage or loss by reason of a violation of this section."[14] Dougherty argues that because the statute defines "person" to include the United States and its agencies, the Government has waived sovereign immunity because DHS is a "'person' 'who' can be sued for a violation of the statute." We find this argument not only misreads the statute, but also falls short of the requirement that

───────────────────

[12] Chapter 119 includes 18 U.S.C. §§ 2510-2523.

[13] *See Thomas v. Seth*, 317 F. App'x 279, 282 (3d Cir. 2009) (per curiam) (unpublished) ("[T]he Wiretap Act exempts the United States . . . from liability, barring certain conditions not present in this case." (citing 18 U.S.C. §§ 2520(a) and 2712)); *see also Lott v. United States*, No. 4:10-2862, 2011 WL 13340702, at *4 (S.D. Tex. May 31, 2011), *report and recommendation adopted*, No. 10-2862, 2011 WL 13340701 (S.D. Tex. June 17, 2011) ("Although a person may bring a civil cause of action under the Federal Wiretap Act under some circumstances, the United States is specifically excepted as a permissible defendant." (citing 18 U.S.C. § 2520(a)). Even assuming there was ambiguity between § 2520 and § 2712 regarding the Government's waiver of sovereign immunity, we "construe any ambiguities in the scope of a waiver in favor of the sovereign." *F.A.A. v. Cooper*, 566 U.S. 284, 290 (2012).

[14] 18 U.S.C. § 1030(g).

7

Congress's waiver of sovereign immunity be "unequivocally expressed in statutory text."[15]

Accordingly, because the United States has not expressly waived its sovereign immunity for claims under § 2520 and § 1030, the district court correctly dismissed these claims against DHS for lack of jurisdiction.

### 3.    *Administrative Exhaustion*

Dougherty alleges that DHS violated § 2701(a) of the SCA by gaining access to her electronic communications while the messages were in storage with her email providers. As noted above, although the SCA allows for suits against the United States for willful violations of the Act, § 2712 preconditions such suits on compliance with an administrative scheme. Specifically, a plaintiff may file suit against the United States "only after a claim is presented to the appropriate department or agency under the procedures of the Federal Tort Claims Act."[16]

Under the Federal Tort Claims Act ("FTCA"), "a plaintiff must give notice of his claim to the appropriate federal agency."[17] Such notice "is a jurisdictional prerequisite to filing suit under the FTCA."[18] Dougherty's amended complaint does not allege that she presented her claim to DHS prior to filing suit. Instead, she asserts that she satisfied the jurisdictional prerequisite by serving DHS with notice on the same day she filed suit. We find this argument unavailing in light of § 2712's explicit requirement that a

---

[15] *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citing *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33-34 (1992)).

[16] 18 U.S.C. § 2712(b)(1).

[17] *Cook v. United States*, 978 F.2d 164, 165-66 (5th Cir. 1992) (per curiam) (citations omitted).

[18] *Id.*

plaintiff can bring suit "*only after* a claim is presented to the appropriate department."[19]  Accordingly, the district court correctly held that it lacked subject matter jurisdiction over Dougherty's SCA claim against DHS.

### 4.     *Dismissal Without Prejudice*

The district court dismissed Dougherty's claims against DHS for lack of subject matter jurisdiction.  Specifically, the court dismissed her ECPA and CFAA claims with prejudice and her SCA claims without prejudice. However, this Court has made "clear that a jurisdictional dismissal must be *without* prejudice to refiling in a forum of competent jurisdiction."[20]  Because "[t]his rule applies with equal force to sovereign-immunity dismissals,"[21] the district court erred when it dismissed Dougherty's ECPA and CFAA claims with prejudice.

### B.     Rule 12(b)(6)

### 1.     *Standard of Review*

We review the grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) *de novo*.[22]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[23]  In considering a motion to dismiss, "a district court must limit itself to the contents of the pleadings, including

---

[19] 18 U.S.C. § 2712(b)(1) (emphasis added).

[20] *Carver v. Atwood*, 18 F.4th 494, 498-99 (5th Cir. 2021) (citing *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020)).

[21] *Id.* (citing *Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996)).

[22] *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc).

[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

attachments thereto."[24]   Although "pro se complaints are held to less stringent standards," this Court has made clear that even for *pro se* litigants "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[25]

### 2.     *Chapter 15 of the Texas Business & Commerce Code Claim*

Dougherty additionally alleges that Unnamed Defendants violated the Texas Business and Commerce Code § 15.05(a) by conspiring to "reduce the output" of her legal practice.   Under § 15.05(a), "[e]very contract, combination, or conspiracy in restraint of trade or commerce is unlawful." The district court dismissed this claim on the grounds that Dougherty had failed to state a claim against the Unnamed Defendants "absent actionable identifying information" regarding the identity of the defendants or sufficient information to render it conceivable that discovery would prove fruitful in uncovering their identities.

On appeal, Dougherty does not dispute that she has not plausibly alleged a state-law antitrust claim and instead argues that dismissal should be without prejudice, allowing her to refile and obtain discovery to identify the unknown officers.   We agree that Dougherty's amended complaint does not "contain sufficient factual matter, accepted as true," to state a Texas antitrust claim against the Unnamed Defendants.[26]

Even setting aside the fact that Dougherty's amended complaint lacks any identifying information about the Unnamed Defendants, the complaint

---

[24] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)).

[25] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (internal quotation marks and citations omitted).

[26] *Iqbal*, 556 U.S. at 678 (citation omitted).

fails to survive a Rule 12(b)(6) motion for the independent reason that it is devoid of any allegations that these officers were part of an antitrust conspiracy that resulted in significant market control over the relevant industry. The totality of Dougherty's allegation under this claim is that "[t]he Doe Defendants violated . . . § 15.05(a) by acting in combination and/or conspiring in their acts to reduce the output of plaintiff's lawful business activities which are in opposition to the unauthorized practice of immigration law and to remedy the injury thereby imposed." Notably lacking is any allegation—plausible or otherwise—that the Unnamed Defendants were conspiring to unreasonably restrain trade, which is an essential element of the Texas antitrust statute.[27] Accordingly, Dougherty has failed to state a plausible state-law antitrust claim against the Unnamed Defendants.

### 3. Bivens *Claims*

Finally, Dougherty brings claims under *Bivens* against the Unnamed Defendants for violating her First, Fourth, and Fifth Amendments by "exceeding every state and/or federal statut[e] . . . which concerns wiretaps, protected information, and computer access." The district court dismissed Dougherty's *Bivens* claims after concluding there was no "compelling argument" to extend *Bivens* to this new context.

---

[27] *See In re Champion Printing & Copying, L.L.C.*, No. 21-51234, 2023 WL 179851, at *4 (5th Cir. Jan. 13, 2023) (per curiam) (unpublished) (analyzing claims filed under Texas Business and Commercial Code § 15.05(a) and noting that under that provision "plaintiffs cannot 'demonstrate the unreasonableness of a restraint merely by showing that it caused [one person] economic injury." (citing *Regal Ent. Grp. v. iPic-Gold Class Ent., LLC*, 507 S.W.3d 337, 348 (Tex. App.—Houston [1st Dist.] 2016, no pet.)). Unpublished opinions issued in or after 1996 are "not controlling precedent" except in limited circumstances, but they "may be persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).

The Supreme Court has set forth a two-step inquiry to determine whether a cognizable *Bivens* remedy exists. At step one, the court must determine whether a claim "presents a new *Bivens* context."[28] A *Bivens* claim arises in a "new context" if "the case is different in a meaningful way from previous *Bivens* cases decided by" the Supreme Court.[29] If a case arises in a new context, "a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'"[30]

As to the first step, we agree with the district court that Dougherty's claims arise in a "new *Bivens* context." The Supreme Court has never recognized a First Amendment *Bivens* claim, and Dougherty's Fourth and Fifth Amendment *Bivens* claims differ meaningfully from previous *Bivens* cases involving those constitutional provisions.[31] As recognized by the Fourth Circuit, "a claim based on unlawful electronic surveillance presents wildly different facts and a vastly different statutory framework from a warrantless search and arrest."[32]

At the second step, we find that "special factors" counsel hesitation against recognizing a new *Bivens* remedy. Specifically, because "Congress has provided alternative remedies for aggrieved parties in [Dougherty's]

---

[28] *Ziglar v. Abbasi*, 582 U.S. 120, 139 (2017).

[29] *Id.*

[30] *Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022) (quoting *Ziglar*, 582 U.S. at 136).

[31] In *Bivens*, the Court created an implied damages remedy under the Fourth Amendment for an allegedly unconstitutional search and seizure. 403 U.S. at 389. And in *Davis v. Passman*, the Court recognized a *Bivens* remedy in a Fifth Amendment gender-discrimination case. 442 U.S. 228, 230 (1979).

[32] *Attkisson v. Holder*, 925 F.3d 606, 621 (4th Cir. 2019).

position," that "independently foreclose a *Bivens* action."[33]  As evidenced by Dougherty's federal statutory claims, "Congress has created several private causes of actions under various statutes governing the surveillance and the integrity of personal computing devices, including the SCA, FISA, and the CFAA."[34]  Accordingly, we affirm the district court's dismissal of Dougherty's First, Fourth, and Fifth Amendment *Bivens* claims with respect to the Unnamed Defendants.

### 4.    *Dismissal With Prejudice*

Dougherty argues that the district court erred in dismissing her state-law antitrust claim and *Bivens* claims with prejudice given that she has not been able to conduct discovery into the identity of the Unnamed Defendants. Although the decretal language in the district court's amended order did not explicitly dismiss these claims with or without prejudice, "a dismissal is presumed to be with prejudice unless the order explicitly states otherwise."[35]

"Generally[,] a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend."[36]  However, dismissal without prejudice is not required "if the plaintiff has already pleaded his 'best case.'"[37]  We find that Dougherty has pleaded her "best case."  She has presented her arguments several times before the district court in both her initial and amended

---

[33] *Egbert*, 142 at 1806.

[34] *Attkisson*, 925 F.3d at 621.

[35] *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n.8 (5th Cir. 1993) (citations omitted).

[36] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam) (citing *Moawad v. Childs*, 673 F.2d 850, 851-52 (5th Cir. 1982)).

[37] *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (per curiam) (citation omitted).

complaint, as well as her opposition to the Defendants' motion to dismiss and her Rule 59(e) motion to "alter or amend" the district court's order. Despite these opportunities, Dougherty remains unable to state plausible antitrust and *Bivens* claims against the Unnamed Defendants.

Further, Dougherty's appellate filings fail to identify "what facts [s]he would have added or how [s]he could have overcome the deficiencies found by the district court if [s]he had been granted an opportunity to amend."[38] Although Dougherty contends that she would not refile these claims without identifying the Unnamed Defendants, she does not explain how uncovering the identity of the officers would cure the deficiencies in her *Bivens* claims or her failure to even allege the basic components of an antitrust conspiracy. Therefore, because Dougherty has failed to show the district court erred in dismissing her *Bivens* and antitrust claims presumably with prejudice.

### 5.    *Statute of Limitations*

Dougherty's complaint also appears to assert violations of the ECPA, CFAA, and SCA against the Unnamed Defendants in their individual capacities.  The district court dismissed these claims as time barred under 18 U.S.C. § 2520(e) (ECPA), 18 U.S.C. § 1030(g) (CFAA), and 18 U.S.C. § 2707(f) (SCA).  We find no reversible error in the district court's dismissal of Dougherty's ECPA, SCA, and CFAA claims against the Unnamed Defendants.

### C.    **Entitlement to Discovery**

Finally, Dougherty asserts the district court abused its discretion in staying discovery pending resolution of Defendants' motion to dismiss and

---

[38] *Goldsmith v. Hood Cnty. Jail*, 299 F. App'x 422, 423 (5th Cir. 2008) (per curiam) (unpublished).

granting Defendants' motion to quash her third-party subpoenas.  The district court explained that the subpoenas were premature under the Federal Rules, and that the court had concerns about potential First Amendment issues as to the Twitter subpoena.  We review a district court's order to stay discovery pending a dispositive motion for abuse of discretion.[39]  And we review a district court's grant of a motion to quash a subpoena under the same standard.[40]  As the party seeking discovery, Dougherty bears the burden of showing its necessity.[41]

A plaintiff is not entitled to jurisdictional discovery "if the record shows that the requested discovery is not likely to produce the facts needed to withstand" a motion to dismiss.[42]  In this case, we are unable to see how discovery into the identities of the Unnamed Defendants would have impacted our dismissal of Dougherty's claims on the grounds of sovereign immunity, exhaustion, timeliness, failure to plausibly state an antitrust injury, and the creation of a new *Bivens* context.  Accordingly, we can discern no abuse of discretion in the district court's decision to grant a motion to stay discovery and quash Dougherty's third-party subpoenas.

### III. CONCLUSION

For the foregoing reasons, we affirm the district court's amended judgment as modified.  Specifically, we modify the judgment to state that Dougherty's ECPA and CFAA claims against DHS are dismissed without

---

[39] *Davila v. United States*, 713 F.3d 248, 263-64 (5th Cir. 2013) (citation omitted); *see also Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.").

[40] *Tiberi v. CIGNA Ins. Co.*, 40 F.3d 110, 112 (5th Cir. 1994).

[41] *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (citation omitted).

[42] *Davila*, 713 F.3d at 264.

prejudice.    We otherwise affirm the district court's judgment that Dougherty's SCA claims are dismissed without prejudice and the remainder of her claims are dismissed with prejudice.    AFFIRMED AS MODIFIED.