# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-3767
_____

Enterprise Financial Group, Inc.,

*Plaintiff - Appellant,*

v.

Richard Podhorn; GR3 Construction, LLC; Capital Constructors Development, LLC; SLC Group, LLC; CLS Group, LLC; LCS Group, LLC; Cornerstone Investors, LLC; CapDev, LLC; Wilmer Farms, LLC; Highland Management Group, LLC; Maundeigh-Blu, LP; Maundeigh-Blu Management Company, Inc.; Richard J. Podhorn Revocable Trust U/T/A Dated May 18, 2006; Locomotive Investments, LP; HSWB, LLC; HS157, LLC; PFWB, LLC; WB1, LLC; 6ND, LLC; 6NWB, LLC; Missouri Equity Solutions, LLC; MO Housing & Re-Development, LLC; Contract Holdings, Inc.; Simpson Living Trust; Automotive Professional Resources, LLC; JCL Realty, LLC; James Capital Investments, LP; 4S Development, LLC; Wentzville Cinema Company, LLC,

*Defendants - Appellees.*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: January 15, 2019
Filed: July 16, 2019
[Published]
_____

Before SMITH, Chief Judge, COLLOTON and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Enterprise Financial Group, Inc. sued CapDev, LLC and several other defendants under the Missouri Uniform Fraudulent Transfer Act. Enterprise then filed a *lis pendens*—a notice that any interests in property acquired during litigation are subject to the outcome—against one of CapDev's properties. The district court[1] granted CapDev's motion to cancel the *lis pendens*, and Enterprise appeals.

The amended complaint alleges that an entity indebted to Enterprise made fraudulent transfers to CapDev and the other defendants. As relevant here, Enterprise claims that CapDev received a fraudulent $1.9 million loan and used this loan to purchase and develop "23.82 acres at the corner of State Highway Z and Interstate 70 commonly known as Wentzville Bluffs." Enterprise separately filed a *lis pendens* as to "Lot 2 of WENTZ BLUFFS #1 & T092200007 SPLIT/MAP P, according to the plat thereof recorded in Plat Book Page(s) of the St. Charles County Records (Hwy Z, Wentzville, MO 63385)." The district court granted CapDev's motion to cancel this *lis pendens*, concluding that it was invalid under Missouri law. We review cancellation of a *lis pendens* for abuse of discretion. *S.B. McLaughlin & Co. v. Tudor Oaks Condo. Project*, 877 F.2d 707, 708 (8th Cir. 1989).

"For a lis pendens to have prospective effect, the judgment contemplated must adjudicate an equitable right, claim or lien, affecting or designed to affect [the] real estate in question." *Space Planners Architects, Inc. v. Frontier Town-Mo., Inc.*, 107 S.W.3d 398, 407 (Mo. Ct. App. 2003) (alteration in original) (internal quotation marks omitted); *see* Mo. Rev. Stat. § 527.260. As the district court noted, Enterprise's prayer does not specifically request equitable relief, and instead seeks "actual and exemplary damages" and "any other relief the court deems appropriate."

---

[1]The Honorable Henry Edward Autrey, United States District Judge for the Eastern District of Missouri.

Enterprise urges us to focus on paragraph 133 of its amended complaint, which precedes the prayer for relief and generically requests equitable remedies such as attachment of the defendants' assets and appointment of a receiver. This paragraph, however, does not identify any specific property, let alone the particular real estate at issue, as to which equitable relief is sought. The only reference to CapDev's property comes several paragraphs earlier, when Enterprise mentions the "23.82 acres at the corner of State Highway Z and Interstate 70 commonly known as Wentzville Bluffs." This imprecise description does not specify whether the 23.82 acres encompass the "Lot 2" mentioned in the *lis pendens*, and does not connect the property to any particular request for equitable relief. In light of these shortcomings in Enterprise's amended complaint, the district court acted within its discretion in canceling the *lis pendens*.

The order of the district court is affirmed.

_____