**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 22-2644

CENTENNIAL PLAZA PROP, LLC, and IMARC PROPERTIES, LLC
Appellants

v.

TRANE U.S., INC.; F. GREEK DEVELOPMENT, INC.; and THREE CUBED, LLC

v.

SAM SPREI; IRA RUSSACK; JONATHAN RUBIN; CENTENNIAL JV LLC; ABC
ENTITIES 1-10; JOHN DOES 1-10

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-22-cv-01262)
District Judge: Honorable John M. Vazquez

Submitted Under Third Circuit L.A.R. 34.1(a)
November 15, 2023

Before: CHAGARES, *Chief Judge*, MATEY and FUENTES, *Circuit Judges*.

(Opinion filed: March 25, 2024)

---

OPICNION[*]

---

MATEY, *Circuit Judge*.

Appellants Centennial Plaza Prop, LLC and IMARC Properties, LLC appeal the District Court's order discharging a notice of lis pendens and prohibiting Appellants from filing new lis pendens without the District Court's prior approval. Seeing no reason to disturb the District Court's Order, we will affirm.

**I.**

This case arises out of a dispute over adjacent units in One Centennial Plaza, a four-unit commercial property. Centennial Plaza and IMARC Properties own two of the units, while Appellee Trane U.S., Inc. owned the other two. In June 2021, a third party offered to buy Trane's two units. Trane then offered to sell the units to Centennial and IMARC for the price offered by the prospective buyer. Centennial and IMARC signed a purchase agreement, but the deal soon soured, and Trane backed out. Trane then agreed to sell its units to Three Cubed, LLC, another Appellee here.

A month before closing, Centennial and IMARC sued in state court seeking to block the sale. Centennial and IMARC claimed Trane's sale breached their contract because Trane failed to offer Centennial and IMARC a right of first refusal on the sale of the units as required by the deed. After the state court temporarily restrained Trane from

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

2

selling the units, Trane removed the case asserting jurisdiction under 28 U.S.C. § 1332. Centennial and IMARC did not contest removal or the District Court's subject matter jurisdiction.

Once in federal court, the District Court granted Trane's motion to dissolve the temporary restraining order. The District Court found that Centennial and IMARC failed to demonstrate a reasonable likelihood of success on any of its claims. Though the District Court found that the property's initial deed contained a right of first refusal, it also found that amendments to the deed removed that clause. And even if a right of first refusal did survive the amendments, the District Court found that Trane gave Centennial and IMARC a meaningful opportunity to acquire the units, which Centennial and IMARC themselves squandered.

Centennial and IMARC then filed an emergency appeal in this Court and sought a stay of the District Court's dissolution order, which this Court denied. While the stay motion was pending, Centennial and IMARC filed a notice of lis pendens with the Middlesex County Clerk regarding Trane's units.[1] Because the lis pendens prevented Trane from completing its sale to Three Cubed, Trane moved in the District Court to

---

[1] A lis pendens is a "notice, recorded in the chain of title to real property," that "warn[s] all persons that certain property is the subject matter of litigation." *Lis Pendens*, Black's Law Dictionary (11th ed. 2019). Under New Jersey law, "[t]he primary purpose of the notice of *lis pendens* is to preserve the property which is the subject matter of the lawsuit from actions of the property owner so that full judicial relief can be granted, if the plaintiff prevails. The notice of *lis pendens* also provides constructive notice to subsequent interest takers in the property that a dispute exists concerning rights to the property." *Manzo v. Shawmut Bank, N.A.*, 677 A.2d 224, 227 (N.J. Super. Ct. App. Div. 1996) (internal citations omitted). That "notice binds subsequent interest takers to the outcome of the litigation." *Id.*

3

discharge the lis pendens. Before the District Court ruled on Trane's motion, Centennial and IMARC voluntarily discharged the lis pendens.

While their appeal was still pending in this Court, Centennial and IMARC filed a second suit in state court, and voluntarily dismissed their first action.[2] The second state suit contained largely identical allegations to the first but added Appellees Three Cubed and F. Greek Development, Inc. as defendants. Once again, Centennial and IMARC filed a notice of lis pendens with the Middlesex County Clerk regarding Trane's units. And once again, Trane removed the suit asserting subject matter jurisdiction under § 1332. This time, however, Centennial and IMARC contested jurisdiction. Their reasons for contesting jurisdiction evolved over time, but Centennial and IMARC eventually settled on an argument that Centennial's citizenship had been inaccurately pled and that one of Centennial's alleged members—Queen Equities LLC—was a citizen of New Jersey.[3] This, Centennial and IMARC argued, destroyed complete diversity between the parties and precluded federal jurisdiction.

After a period of jurisdictional discovery, the District Court held that Trane and its co-defendants sufficiently established complete diversity of citizenship at the time the suit was removed.[4] The District Court then granted Trane's motion to discharge the new lis pendens and "ordered that [Centennial and IMARC] shall not file another *Lis Pendens*

---

[2] After the voluntary dismissal of the first suit, we dismissed Centennial's appeal as moot.

[3] Centennial initially claimed it was a citizen of New York and Delaware.

[4] The District Court also denied a motion for reconsideration of its jurisdictional decision.

as to the Property without the prior authorization of this Court in the form of a written order." App. 116. Centennial and IMARC now appeal.

## II.

### A.

Circuit courts have jurisdiction to review final decisions, 28 U.S.C. § 1291, and non-final orders "granting, continuing, modifying, refusing or dissolving injunctions," 28 U.S.C. § 1292(a)(1). That includes orders carrying the same effect as an injunction. *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 83–84 (1981). That is the case here. The District Court's order prohibiting Centennial and IMARC from filing new lis pendens without approval was an "injunction" under § 1292(a)(1) since it limits their actions, subject to the sanction of contempt, in a manner that accords part of the substantive relief Trane sought in more than a temporary fashion. *See Cohen v. Bd. of Trs. of Univ. of Med. & Dentistry of N.J.*, 867 F.2d 1455, 1465 n.9 (3d Cir. 1989) (en banc).[5]

### B.

We also conclude the District Court had subject matter jurisdiction. As the party invoking federal jurisdiction, Trane bears the burden to prove complete diversity, and it "meets this burden by proving diversity of citizenship by a preponderance of the evidence." *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006). "In

---

[5] Because we base our conclusion on the order's prohibition on filing new lis pendens, we need not decide whether an order merely discharging a lis pendens is an order dissolving an injunction under § 1292(a)(1). Since the District Court's discharge decision is "inextricably bound up with" the prohibition decision, our review extends to the District Court's entire order. *See DeJohn v. Temple Univ.*, 537 F.3d 301, 313 (3d Cir. 2008).

considering a challenge to subject matter jurisdiction, the district court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Flores v. Pompeo*, 936 F.3d 273, 276 (5th Cir. 2019) (quoting *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005)).

Centennial and IMARC contest the jurisdiction of the District Court, arguing that complete diversity did not exist. But after months of jurisdictional discovery, the District Court made a factual finding that Queen did not hold a membership interest in Centennial at the time of removal. That finding is reviewed for clear error, *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 345 (3d Cir. 2013), and Centennial and IMARC provide no persuasive argument for why that finding was implausible considering the record before the District Court, *see Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74 (1985). At most, Centennial and IMARC challenge the District Court's weighing of certain facts, and that is not sufficient. Accordingly, the District Court did not err in concluding it had subject matter jurisdiction.[6]

---

[6] On appeal, Centennial argues the District Court erred by failing to specifically address a 2021 tax document "reflecting" that Queen held an equity interest in Centennial. Opening Br. 25. But the District Court explained that it had reviewed all the parties' filings and associated attachments. And we cannot say the District Court clearly erred by failing to mention the tax document in its oral ruling—a document that was not mentioned by any party at oral argument or in the body of any the parties' seven briefs in the District Court, including Centennial's own motion for reconsideration. Nor can we say that no reasonable factfinder could have plausibly concluded that, despite the tax document, Trane had established by a preponderance of the evidence that Queen did not obtain a membership interest in Centennial. As the District Court explained, Centennial's story of how Queen allegedly obtained a membership interest was riddled with inconsistencies, and there was sufficient evidence for the District Court to conclude that no membership interest had been officially obtained.

**C.**

On the merits, Centennial and IMARC challenge the District Court's discharge of the lis pendens, a decision we review for abuse of discretion. *See Enter. Fin. Grp., Inc. v. Podhorn*, 929 F.3d 1028, 1029 (8th Cir. 2019) (per curiam).

*First*, Centennial and IMARC argue they demonstrated a likelihood of success on their contract claims. We see no error in the District Court's contrary conclusion. Though there was a right of first refusal in the initial deed, Trane offered ample evidence that amendments removed the clause. And even if a right of first refusal remained, the District Court found that Trane offered Centennial and IMARC a meaningful opportunity to acquire the units. Considering the evidence before the District Court, its conclusions did not amount to an abuse of discretion.

*Second*, Centennial and IMARC claim, for the first time on appeal, that the District Court lacked authority to discharge the lis pendens under New Jersey law. But that argument was never raised before the District Court and is forfeited. *See Wood v. Milyard*, 566 U.S. 463, 470 (2012) ("It is hornbook law that theories not raised squarely in the district court cannot be surfaced for the first time on appeal."). Centennial and IMARC provide no exceptional circumstance to depart from that rule. *See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 146–47 (3d Cir. 2017).

\* \* \*

For these reasons, we deny Appellees' motion to dismiss this appeal and will affirm the District Court's order discharging the lis pendens.

7